UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HOA CHI HOANG, *individually and on behalf of all others similarly situated*,

                        Plaintiff,

   -against-

GOOD TASTE CORP., KIEM QUACH,
TAI QUEN TRAN, and PAK CHAN,

                        Defendants.
-----------------------------------------------------------X

Civil Action No.

**29 U.S.C. § 216(b) COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, Hoa Chi Hoang ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorney, hereby files this Complaint against Defendants, Good Taste Corp. ("Defendant Corp."), Kiem Quach ("Defendant Quach"), Tai Quen Tran ("Defendant Tran"), and Pak Chan ("Defendant Chan") (collectively "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from Defendants: (1) unpaid overtime wages; (2) liquidated damages; and (3) reasonable attorney's fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL") §§ 650, *et seq.*, and Title 12 of the New York Codes, Rules and Regulations ("NYCRR"), he is entitled to recover from Defendants: (1) unpaid overtime wages; (2) up to two thousand five hundred dollars ($2,500) for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate of pay, any deductions made from employee's gross and net wages for each pay day; (3) liquidated damages

equal to the sum of unpaid overtime wages, in the amount of twenty-five percent (25%) for unpaid wages before April 9, 2011, pursuant to NYLL §§ 190, *et seq.* and §§ 650, *et seq.*, and one hundred percent (100%) after April 9, 2011 under the New York Wage Theft Prevention Act; (4) nine percent (9%) simple prejudgment interest provided under the NYLL; (5) post-judgment interest; and (6) reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is over this matter is proper in the United States District Court, Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants conduct business in this District and the acts and omissions giving rise to the claims herein allegedly took place in this District.

## PARTIES

### PLAINTIFF

5. Plaintiff is a resident of Kings County, New York, and a former employee of Defendants.

### DEFENDANTS

*Corporate Defendant*

6. Defendant Corp. is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 89 Steuben Street, Brooklyn, New York 11205.

7. Upon information and belief, Defendant Corp. is a business engaged in interstate commerce that has gross revenue in excess of five hundred thousand dollars ($500,000) per year.

8. Upon information and belief, Defendant Corp. engages in interstate commerce and purchases, handles, and/or sells goods that are transported to and from other states during the relevant times.

9. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant Corp.

*Owner / Operator Defendants*

10. Defendant Quach is the Chief Executive Officer of Defendant Corp., according to the New York Department of State.

11. Upon information and belief, Defendant Tran is the President of Defendant Corp.

12. Upon information and belief, Defendant Chan is the owner of Defendant Corp.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime wages in direct contravention of the FLSA and NYLL.

14. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

15. On or about November 2004, Plaintiff was hired by Defendants. Plaintiff was initially hired as a general worker and ultimately became a noodle press operator.

16. Plaintiff worked for Defendants until June 18, 2014, when a work-related injury forced him to permanently leave work.

17. During his employment with Defendant Corp., Plaintiff worked six (6) days per week, typically Monday to Saturday from 7:00 p.m. to 4:00 a.m. Plaintiff worked fifty-four (54) hours per week.

18. During the relevant time period, Plaintiff was paid a "salary" of one thousand nine hundred dollars ($1,900) per month.

19. During the relevant time period, Plaintiff was paid by both check and cash. The check was for approximately one thousand two hundred twenty dollars ($1,220), and the remaining money of approximately six hundred eighty dollars ($680) was paid in cash.

20. Plaintiff was paid monthly, as opposed to weekly as required under New York State Law.

21. Plaintiff was given a short meal break. Despite New York State regulations applicable to night workers that require a one-hour meal break in the middle of the shift, Plaintiff was often not even afforded thirty minutes.

22. On April 9, 2011, the New York State Wage Theft Prevention Act was signed. However, Plaintiff never received proper wage statements as required under the NYLL.

23. Plaintiff did not receive any notice as to whether or not Defendants were taking any deductions from his paycheck and if so, for what reasons and how much was deducted.

24. Defendants unlawfully failed to pay Plaintiff one-and-one-half times the federal and state minimum wage for hours Plaintiff worked in excess of forty (40) hours per week.

25. During the relevant period, the NYLL required employers to provide written notice to employees of, *inter alia,* their rate of pay and regular pay day. See, NYLL § 195(I). Defendants failed to properly notify Plaintiff of his hourly rate of pay and overtime rate of pay, in direct violation of the NYLL.

26. Defendants knowingly and willfully operated their business with a policy of not paying federal and New York State overtime hours.

27. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

28. Defendants did not record or track Plaintiff's hours of work.

29. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA. Upon information and belief, there were no notices displayed at the place of employment to disclose or apprise employees of their rights under the FLSA or NYLL.

30. Defendants knowing and willfully paid Plaintiff and similarly situated employees either partially or wholly in cash.

31. Upon information and belief, Defendants have failed to keep records in accordance with 12 NYCRR § 142-2.6.

32. As a direct and proximate result of Defendants' willful disregard of the FLSA and the NYLL, Plaintiff is entitled to liquidated damages under the FLSA for damages sustained over the past three years under the FLSA, and damages for the past six year under the NYLL.

33. Plaintiff retained Cuccia & Campise, PLLC to represent him in this ligation and has agreed to pay the firm a reasonable fee for its services.

**COLLECTIVE ACTION ALLEGATIONS**

34. Plaintiff brings this action individually and as a class representative on behalf of all other similarly situated current and former machine operators, who are or were employed by Defendants for up to the last six (6) years, through entry of judgement in this case, and who were not compensated overtime compensation for all hours worked in excess of forty (40) hours per week, pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

35. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit A.

36. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

37. As described in the preceding paragraphs, during the applicable statutory period, Plaintiff and members of the proposed FLSA Collective routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

38. Defendants willfully engaged in a pattern of violating the FLSA by knowingly failing to pay its machine operators overtime compensation and classifying them as exempt from FLSA overtime pay provisions, despite knowing that their machine operators were working in excess of forty (40) hours in a workweek and were performing non-exempt work. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

39. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and members of the proposed FLSA Collective for overtime. Accordingly, notice of this action should be sent to the FLSA Collective. There are numerous similarly-situated current and former employees of Defendants who have suffered from Defendants' practices and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violation, 29 U.S.C. §§ 201, *et seq*.)

40. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

41. At all relevant times, upon information and belief, Defendants were and continue to be an employer(s) engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

43. Upon information and belief, Defendant Corp. had gross revenues in excess of five hundred thousand dollars ($500,000).

44. At all relevant times, Defendants had a policy and practice of willfully failing and refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty (40) hours per week.

45. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for it in the FLSA.

46. Defendants knew of and/or demonstrated a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

## SECOND CLAIM FOR RELIEF
### (New York State Overtime Violations, NYLL §§ 650, *et seq.*, 12 NYCRR § 142-2.2)

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

48. It is unlawful under New York law for an employer to permit an employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

49. Throughout Plaintiff's employment, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rate: one-and-one-half times the minimum wage rate for hours worked in excess of forty (40) hours per week.

50. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has sustained damages, including loss of earnings in an amount to be established at trial, liquidated damages, prejudgment interest, and attorney's fees and costs pursuant to NYLL **§** 663.

## THIRD CLAIM FOR RELIEF
### (New York State Statement to Employee Violation, 12 NYCRR § 142-2.7)

51. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

52. Defendants did not provide Plaintiff with a statement listing hours worked, rates paid, gross wages as required by 12 NYCRR § 142-2.7.

53. As a result of Defendants' unlawful conduct, Plaintiff sustained damages, including loss of earnings in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorney's fees and costs pursuant to state law.

## FOURTH CLAIM FOR RELIEF
### (New York State Notice to Employee Violation, NYLL § 195)

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

55. Defendants intentionally failed to provide notice to employees in violation of NYLL § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime pay every year.

56. Defendants have failed to make a good faith effort to comply with the NYLL with respect to Plaintiff's compensation.

57. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants one hundred dollars ($100) per week for each week of the violation together with costs and attorney's fees pursuant to NYLL § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

A. An award of unpaid overtime wages due under both the FLSA and NYLL;

B. Up to two thousand five hundred dollars ($2,500) for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate of pay, any deductions made from employee's gross and net wages for each pay day;

C. An award of liquidated damages, according to proof, including unpaid minimum wages, unpaid overtime wages, plus interest, to be paid by Defendants;

D. An award of attorney's fees and costs, including fees pursuant to 29 U.S.C. §§ 201 *et seq*., NYLL § 663, and other applicable statutes;

  E.  An award of pre-judgment and post-judgment interest as provided by law;

  F.  Provided that if any amounts remain unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days after the expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment will automatically increase by fifteen percent (15%) as required by NYLL § 198(4); and

  G.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 25, 2016
   New York, NY

            CUCCIA & CAMPISE, PLLC
            *Attorneys for Plaintiff*

            By: __/s/ Michael J. Campise__
              Michael J. Campise, Esq.
              100 Lafayette Street, Suite 201
              New York, NY 10013
              Tel: (212) 966-7775
              Fax: (212) 966-0338
              Mike@nycclawfirm.com

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
HOA CHI HOANG, *individually and on behalf*    Civil Action No.
*of all others similarly situated*,

                              Plaintiff,

   -against-

GOOD TASTE CORP., KIEM QUACH,
TAI QUEN TRAN, and PAK CHAN,

                             Defendants.
-----------------------------------------------------------------X

**CONSENT TO BECOME PARTY PLAINTIFF**

      By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Defendants to pay me overtime wages and/or minimum wages as required under state and/or federal law, including the Fair Labor Standards Act, as amended, and also authorize the filing of this consent in the instant action challenging such conduct.

Dated: October 25, 2016

                                                                    */s/ Hoa Chi Hoang*
                                                                    Hoa Chi Hoang